UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LAMARCUS WALTHUGH STILLINGS,
also known as Lamarcus Walthugh Stilling,


v.                                          Case No.:  8:10-cv-1943-T-24EAJ
                                                       8:08-cr-230-T-24EAJ


UNITED STATES OF AMERICA.

_____

**O R D E R**

  This cause is before the Court upon Petitioner Lamarcus Walthugh Stillings's motion to

vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. Section 2255

(Civ. Doc. No. 4), and Petitioner's Memorandum in support of that motion (Civ. Doc. No. 5).

The Government filed a response in opposition to the motion.  (Civ. Doc. No. 9.)  Petitioner filed

a reply.  (Civ. Doc. No. 12.)

**I.**  **Background**

  Petitioner was charged in a one-count indictment with distribution of five grams or more

of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii).  Petitioner moved to

suppress the cocaine that was seized during a traffic stop of his vehicle.  After an evidentiary

hearing, the Court denied the motion.  Following a bench trial based on stipulated facts, the

Court found Petitioner guilty as charged.

  On March 9, 2009, Petitioner was sentenced to 188 months imprisonment.  Petitioner

appealed on the grounds that the Court erred by denying his motion to suppress the evidence

seized from his vehicle.  On September 24, 2009, the Eleventh Circuit affirmed Petitioner's conviction.  *United States v. Stillings*, 346 Fed. Appx. 458 (11th Cir. 2009).

On September 15, 2010, Petitioner timely filed the instant § 2255 motion.

## II.    Discussion

Petitioner moves to vacate his conviction and sentence on the grounds that he received ineffective assistance of counsel.  Petitioner raises multiple claims of ineffective assistance of counsel: (1) that his counsel failed to prepare for the suppression hearing or his trial; (2) that his counsel failed to present certain evidence at the suppression hearing that would contradict the testimony of the Government's witnesses; (3) that his counsel denied him the right to testify at trial; (4) that he was denied the right to counsel at his state court proceedings regarding his traffic offenses; and (5) that his counsel failed to raise the appropriate legal issues on appeal.[1] For the reasons stated, Petitioner's motion lacks merit, and therefore must be denied.

The Sixth Amendment gives criminal defendants the right to the effective assistance of counsel.  U.S. Const. Amend. VI.  To vacate a conviction and sentence for ineffective assistance of counsel, the petitioner must demonstrate that his counsel's assistance fell below an objective standard of reasonable professional assistance, and that he was prejudiced by the deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984).  To establish deficient performance, the petitioner must show that his counsel's performance was outside the wide range of professional assistance.  *Chandler v. United States*, 218 F.3d 1305, 1313 n.12 (11th Cir. 2000) (en banc) (citations and quotations omitted).  To establish prejudice,

---

[1]Claims of ineffective assistance of counsel are cognizable under 28 U.S.C. § 2255.  *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004).

"[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

The burden is on the petitioner to demonstrate that he was denied the effective assistance of counsel.  *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).  If the petitioner fails to establish either the performance or prejudice prong, the Court need not address the remaining prong.  *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### A.    Ground 1: Failure to Prepare

Petitioner first argues that his counsel provided ineffective assistance when she failed to investigate the scene of the traffic stop and therefore was not prepared adequately for the suppression hearing or the trial.  Petitioner contends that a proper investigation into the facts would have shown the following: (1) that Petitioner could not have been traveling at the speed of 49 miles per hour when his vehicle turned off of State Road 579 and onto Davis Poole Road, as was alleged by the Government, because his vehicle would have careened into the trees on the side of the road; (2) that there was no speeding infraction to justify the traffic stop because the posted speed limit was 50 miles per hour, and Petitioner's vehicle was traveling at 49 miles per hour; and (3) that the police officer's radar unit could not have clocked the speed of Petitioner's vehicle because physical obstructions in the road, such as traffic and a large dip in the road, would have obstructed the radar's direct view of Petitioner's vehicle.

A review of the transcript of the suppression hearing reveals that Petitioner's counsel properly investigated the scene of the traffic stop, and was prepared for and did provide an

adequate defense at the suppression hearing and trial.  At the suppression hearing, Petitioner's counsel admitted the following evidence regarding the scene of the traffic stop: an overhead map of State Road 579, between Pruett Road and Davis Poole Road; photographs of the scene of the traffic stop on State Road 579 between Pruett Road and Davis Poole Road; photographs of Petitioner's vehicle; photographs of speed limit signs posted at Pruett Road and State Road 579; and photographs of the residence on Pruett Road that was under surveillance for drug activity.

She then separately questioned Deputies Ortiz and Lajic about the circumstances of the stop that led to Petitioner's arrest.  In particular, she asked each of the deputies numerous questions, including where Petitioner's vehicle was located when they first encountered it, how fast Petitioner's vehicle was traveling, at what speeds the radar clocked Petitioner's vehicle, what the posted speed limits were, whether Petitioner was driving recklessly, and whether they had an unobstructed view of Petitioner's vehicle.

Deputy Lajic testified that he activated his radar when he witnessed Petitioner's vehicle make a left-hand turn at a high rate of speed; that his radar had an unobstructed view of the vehicle, and initially clocked the speed at 43 miles per hour; that the speed later increased to 49 miles per hour, while the view remained unobstructed; that the posted speed limit was 25 miles per hour; that his radar unit was in proper working condition and had been checked at the beginning of the day; that his radar unit had been calibrated the month before; and that he had been certified as a radar enforcement operator since 1998.

Petitioner has not met his burden of demonstrating that counsel's performance in questioning the deputies or presenting evidence regarding the stop during the suppression hearing was deficient in any way, or that he was prejudiced by her performance.  Accordingly,

4

this claim lacks merit.

**B.      Ground 2: Failure to Present Evidence**

Petitioner next contends that his counsel rendered ineffective assistance of counsel when she failed to introduce the official police report, which, according to Petitioner, could have been used to impeach Deputy Lajic's testimony.  Petitioner contends that the official police report contradicts Deputy Lajic's sworn testimony regarding his location at the time he encountered Petitioner speeding.

Deputy Lajic testified that his car was stationary on Davis Poole Road, facing west, when his radar unit clocked Petitioner's vehicle speeding.  Deputy Lajic then activated his lights and followed Petitioner and Deputy Ortiz, who had already initiated the stop.  The incident report that Petitioner filed as an attachment to his reply does not contradict Deputy Lajic's testimony. The incident report, which Deputy Ortiz filled out, states that Deputy Lajic "was traveling southbound in [Deputy Ortiz's] direction, when he observed the careless driving of [Petitioner.]" This statement does not contract Deputy Lajic's testimony because Deputy Lajic testified that, after observing Petitioner's vehicle from a stationary position, he followed Petitioner to where Petitioner pulled to a stop.  Petitioner has failed to support his contention with any evidence of a police report that contradicts Deputy Lajic's testimony, and therefore, this claims lacks merit.

**C.      Ground 3: Denial of the Right to Testify**

Petitioner next contends that his counsel was ineffective for denying him the right to testify in his own defense.  He claims that his counsel never advised or consulted him about testifying, and that if he had testified, he would have presented evidence that would have contradicted the testimony of the deputies.

The record, however, demonstrates that the Court directly addressed Petitioner at the suppression hearing and told him he had the"right to take the stand and testify and talk about what happened out there."  In response, Petitioner told the Court that he had chosen not to do that. In addition, Petitioner knowingly waived his right to a jury trial when he signed a wavier of a jury and agreed to have his case tried before the Court.  The Court explained to Petitioner the differences between proceeding to a jury trial and a bench trial.  The Court explained that, if Petitioner proceeded to a jury trial, he would have the right to testify before the jury,  if he chose to do so.  Furthermore, the Court explained that if he decided to waive his right to a jury trial, then the Court would determine whether he was guilty by looking at a set of stipulated facts and the motion to suppress evidence.  The Court then asked Petitioner if he understood what would happen if he proceeded to a non-jury trial, and Petitioner responded that he understood.  The Court informed Petitioner that he could still proceed to a jury trial if he wished, instead of signing the waiver.  Petitioner stated that he wished to sign the waiver.  The Court then read into the record the waiver of jury trial, and all parties signed it.

Petitioner has failed to present any argument or evidence, beyond his own self-serving allegations, that his counsel was ineffective for failing to advise him of his right to testify.  In fact, the record belies any contention that Petitioner did not understand what rights he was waiving by electing to proceed with a bench trial.  Accordingly, this claim lacks merit.

### D.        Ground 4: Denial of Representation in State Court Traffic Proceedings

Next, Petitioner contends that he was denied counsel and access to the courts regarding his state court traffic offenses.  He argues that the county jail where he was incarcerated refused to transport him to the state court traffic proceedings, a default was entered against him, and the

6

default was used to obtain probable cause for the traffic stop.  He contends that being deprived

counsel in the state court proceeding prevented him from having an opportunity to prove "the

predicated conduct for the investigatory stop did not occur."  He argues that his counsel was

ineffective for failing to explain these circumstances to the Court, and for failing to seek a stay of

the federal proceedings until the state traffic proceedings were resolved.  He asserts that because

the traffic stop was a critical part of the Government's case, the Government was

"constitutionally obligated" to have him present in the state court proceedings and provide him

counsel.

Petitioner has failed to demonstrate how his state court traffic proceedings had any affect

on the Court's decision to deny his motion to suppress, or its decision to adjudicate him guilty

based on the stipulated set of facts.  Petitioner has not shown how his counsel's failure to

represent him at the state court proceedings prejudiced him in this case.  Vague, conclusory,

speculative, or unsupported arguments cannot support an ineffective assistance of counsel claim.

*Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).  Accordingly, this claim lacks merit.

### E.      Ground 5: Failure to Raise Issues on Appeal

Finally, Petitioner contends that he was denied the effective assistance of counsel on

appeal because his counsel failed to raise certain issues in his appellate brief, including the

following: (1) whether a traffic violation can provide probable cause for a search and seizure,

"when the validity of the traffic violations is undecided;" (2) whether a defendant is entitled to

new counsel "in a collateral criminal proceeding which may affect the outcome of the principal

criminal case;" and (3) whether the burden of proof in a suppression hearing is the "beyond

reasonable doubt standard."  Petitioner contends that his counsel should have used all of the

allowable pages and words permitted by the Eleventh Circuit filing rules in order raise these issues on appeal.  Furthermore, he contends that the Court should have appointed him new counsel on appeal.

The Court has reviewed the appellate brief that counsel filed on behalf of Petitioner, the Government's responsive brief on appeal[2], as well as the Eleventh Circuit's opinion, and concludes that Petitioner has not met his burden of showing that his counsel's performance was outside the wide range of professional assistance, or that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.  On appeal, Petitioner's counsel raised the following issues on Petitioner's behalf: (1) whether "the district court erred in denying [Petitioner's] motion to suppress after finding that probable cause did not exist for the initial stop of the vehicle," and (2) "whether the district court erred in finding that, despite the stop of [Petitioner's] vehicle without probable cause, the subsequent search was lawful based on the canine's 'alert.'"  Petitioner's counsel argued that neither Deputy Ortiz nor Deputy Lajic had probable cause to stop Petitioner's vehicle, and therefore, the stop and subsequent search were unlawful.  Furthermore, his counsel argued that the duration of the stop was unreasonable, and therefore, the drugs discovered during the search of Petitioner's vehicle should have been suppressed.  The Eleventh Circuit rejected these arguments and found that it was not error for the district court to deny the motion to suppress because the drugs fell within the inevitable discovery exception to the exclusionary rule and because the ten-minute duration of the stop and the search was not unreasonable.

---

[2]The Government filed the parties' appellate briefs as attachments to its response in opposition to the Section 2255 motion.  (Civ. Doc. No. 9, Exs. 1, 2.)

8

Petitioner has failed to meet his burden of demonstrating that his counsel's performance was deficient, or that he was prejudiced.  The legality of the traffic stop and the subsequent seizure were adequately addressed on appeal, and Petitioner has not shown that the outcome of the appeal would have been different had his counsel raised the issues he contends should have been raised.  Moreover, Petitioner did not request that he be appointed new counsel on appeal, and therefore waived any argument that was entitled to new counsel.  Accordingly, this final claim lacks merit.

### F.      Statement on Need for Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing only if his allegations, if proved, would establish his right to collateral relief.  *Townsend v. Sain*, 372 U.S. 293, 307, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963).  The burden is on the petitioner to establish the need for an evidentiary hearing.  *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc).  Here, Petitioner has not established any basis for an evidentiary hearing because the issues he raises lack merit.

## III.    Conclusion

Having reviewed both the criminal and civil case files including Petitioner's motion, the Government's response, and Petitioner's reply, as well as the transcripts of the suppression hearing, the bench trial, and the sentencing hearing, the Court finds that Petitioner's § 2255 motion must be **DENIED**.  The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first

issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has

made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make

such a showing, Petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S.

274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*,

537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances.

   Finally, because Petitioner is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

   **DONE AND ORDERED** at Tampa, Florida, this 7th day of March, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner