UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAMARCUS WALTHUGH STILLINGS,
also known as Lamarcus Walthugh Stilling,

v.                                              Case No.: 8:10-cv-1943-T-24EAJ
                                                                   8:08-cr-230-T-24EAJ

UNITED STATES OF AMERICA.

_____

## **O R D E R**

This cause is before the Court upon Petitioner Lamarcus Walthugh Stillings's Motion for Reconsideration (Civ. Doc. No. 15) of the Court's March 7, 2011 order denying his motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 13.)

**I.    Background**

Petitioner was charged in a one-count indictment with distribution of five grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). Petitioner moved to suppress the cocaine that was seized during a traffic stop of his vehicle. After an evidentiary hearing, the Court denied the motion. Following a bench trial based on stipulated facts, the Court found Petitioner guilty as charged.

On March 9, 2009, Petitioner was sentenced to 188 months imprisonment. Petitioner appealed on the grounds that the Court erred by denying his motion to suppress the evidence seized from his vehicle. On September 24, 2009, the Eleventh Circuit affirmed Petitioner's

conviction. *United States v. Stillings*, 346 Fed. Appx. 458 (11th Cir. 2009). On September 15, 2010, Petitioner timely submitted a Section 2255 motion for filing, which this Court denied. The Court's order denying his Section 2255 motion is the subject of the instant motion for reconsideration.

## II.     Motion for Reconsideration

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). The Court notes that reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l Union of Painters v. Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted).

Petitioner raises several arguments in support of his motion for reconsideration. Petitioner first argues that the Court failed to address all of the issues he raised in his Section 2255 motion. He identifies the following issues, which he claims the Court failed to address: (1) whether his counsel's expenditure of time was proportionate to the complexity or significance of the issues; (2) whether his counsel's failure to obtain independent experts regarding the validity of the radar was reasonable; (3) and whether his counsel's strategy in having Petitioner stipulate to facts was rationale. Petitioner further argues that the Court erred in not holding an evidentiary hearing so that he could obtain evidence to support his allegations.

This argument lacks merit for several reasons. Although the Court did not specifically address Petitioner's counsel's decision not to obtain an expert witness for the suppression

hearing (an argument which Petitioner mentioned only briefly in his Section 2255 motion), the Court thoroughly considered and rejected Petitioner's argument that his counsel had not adequately prepared. The Court discussed the methods Petitioner's counsel used to impeach the credibility of the Government's witnesses at the suppression hearing, including admitting evidence of photographs and an overhead map of the scene, and questioning the witnesses extensively on cross examination. The Court found counsel's performance was reasonable. Petitioner has not shown that the decision not to call an expert witness to testify on the "viability of radar" was unreasonable or that it prejudiced him.

Petitioner next argues that the record contradicts the Court's order regarding his waiver of his right to testify, and that the Court never informed him of his right to testify. As the Court explained in its prior order, the record belies this contention. During the suppression hearing on November 24, 2008, the Court told Petitioner that he had the "right to take the stand and testify and talk about what happened out there." Petitioner responded that he had chosen not to do that. Approximately two weeks later, prior to the bench trial, the Court specifically inquired of Petitioner if he wished to proceed by way of a non-jury trial on stipulated facts. The Court explained all the rights that go along with a jury trial including that he would be able to testify if he chose to; however if he waived a jury trial, the Court would determine whether he was guilty or not guilty by looking at a set of stipulated facts and the motion to suppress evidence. Petitioner responded that he understood and signed a written waiver of jury trial. The Court read the stipulated facts, and Petitioner stated he agreed with them, with the exception of a marijuana joint being found in his pocket. He also signed the stipulated facts. Finally, the Court asked defense counsel if there was any additional evidence she wished to present at the bench trial and

was told no. If Defendant had wanted to testify, he could have informed the Court at that time. Accordingly, this argument lacks merit.

Petitioner next argues that his counsel's strategy in having him stipulate to the facts was unreasonable. He contends that, if he would have testified, he would have explained why the officers' testimony was not accurate, as he was the only other eye witness to the events that led to his arrest. This argument was not raised by Petitioner in his Section 2255 motion. Nevertheless, it lacks merit. The decision to proceed with a bench trial was reasonable because it allowed Petitioner to obtain the benefit of a two-level guideline reduction in his sentence for acceptance of responsibility and the opportunity to appeal the Court's denial of the motion to suppress. Petitioner did not contest his guilt but did contest the probable cause to stop and search his vehicle.

Petitioner's last argument is that his counsel's failure to introduce the police report and develop the record was unreasonable. He contends that the police report contradicts Detective Lajic's testimony regarding key facts. The Court specifically considered and rejected this argument in its prior order. A police report is hearsay and not normally admissable; however at the suppression hearing, defense counsel cross examined the witness regarding possible contradictory statements in the police report. Accordingly, this argument lacks merit.

Finally, Petitioner's argument that the Court erred in not holding an evidentiary hearing lacks merit. In denying Petitioner's Section 2255 motion, the Court specifically held that Petitioner had not established any need for an evidentiary hearing because the issues he raised lack merit. Petitioner still has not met his burden of demonstrating the need for an evidentiary hearing.

### III.   Conclusion

Viewing the motion liberally, the Court has found no basis for reconsideration of its prior order.  Accordingly, Petitioner's motion for reconsideration of the Court's March 7, 2011 order denying his motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 falls short of the required showing for reconsideration, and must be **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of April, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record